# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6107 | **DATE** | 3/9/2004 |
| **CASE TITLE** | Allstate Insurance Company vs. Daimler Chrysler | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to dismiss Counts II and IV [8-1] is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | 2 number of notices | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | | |
| ✓ | Notices mailed by judge's staff. | | | 3-10-04 date docketed | |
| | Notified counsel by telephone. | | | | 16 |
| | Docketing to mail notices. | | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | 2004 MAR -9 PM 5:10 | 3/9/2004 date mailed notice | |
| MD | courtroom deputy's initials | | Date/time received in central Clerk's Office | MD mailing deputy initials | |

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, as subrogee of David and Theresa Wells, and STATE FARM INSURANCE COMPANY, as subrogee of Anthony and Laurie Taylor, <br><br> Plaintiffs, <br><br> v. <br><br> DAIMLER CHRYSLER, a foreign corporation, <br><br> Defendant. | No. 03 C 6107 <br> Judge Joan H. Lefkow |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Allstate Insurance Company ("Allstate") and State Farm Insurance Company ("State Farm"), both Illinois corporations, filed a four-count complaint against defendant, Daimler Chrysler ("Chrysler"), alleging negligence (Count I), strict liability (Count II), breach of implied warranty of merchantability and fitness for a particular purpose (Count III), and breach of express warranty (Count IV). Plaintiffs plead more than $75,000 in controversy, invoking the jurisdiction of this court under 28 U.S.C. § 1332(a)(2). Chrysler moves to dismiss Counts III and IV under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the court grants the motion.

## MOTION TO DISMISS STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997).

Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kennedy v. Nat'l Juvenile Det. Ass'n*, 187 F.3d 690, 695 (7th Cir. 1999). In ruling on the motion, the court accepts as true all well pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in favor of the plaintiff. *Dixon v. Page*, 291 F.3d 485, 486 (7th Cir. 2002); *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999).

## ALLEGATIONS OF THE COMPLAINT

This action arises out of property losses to the homes of David and Theresa Wells ("the Wells") and Anthony and Laurie Taylor ("the Taylors") resulting from a fire that began in the engine compartment of a 2000 model Dodge Caravan. Allstate was the property insurer of the Wells at all times relevant to this proceeding. State Farm was the property insurer of the Taylors at all times relevant to this proceeding.

Prior to October 4, 2000, the Wells purchased or leased a 2000 Dodge Caravan. Daimler Chrysler designed, manufactured, fabricated, inspected, tested, supplied, distributed, and/or sold the Dodge Caravan with the expectation that it would reach the Wells without substantial change to its condition, and the vehicle did, in fact, reach the Wells without substantial change.

On October 4, an electrical short or other failure in the vehicle's engine compartment caused a fire when the vehicle was not being operated. The fire caused property damage to the Wells and their neighbors, the Taylors. Pursuant to their insurance policies, Allstate paid the Wells an amount in excess of $235,489.80 as reimbursement for property damage caused by the fire, and State Farm paid the Taylors an amount in excess of $105, 687.43. In consideration for these payments, the Wells and the Taylors subrogated to Allstate and State Farm all rights,

claims, and interests that they may have against any person or entity that may be liable for the damages to their properties. Allstate and State Farm are now seeking to recover damages from Chrysler in excess of $341,176.43.

## DISCUSSION

### I. Breach of Implied Warranty of Merchantability and Fitness for a Particular Purpose

In Count III, plaintiffs allege that Chrysler breached implied warranties of merchantability and fitness for a particular purpose. Plaintiffs do not indicate whether they bring this count under the Illinois Uniform Commercial Code ("UCC"), 810 ILCS 5/2-314, or the federal Magnuson-Moss Warranty Act ("the Act"), 15 U.S.C. § 2301 *et seq.* Thus, the court addresses the issue under both state and federal law respectively.

With respect to claims for purely economic losses, the Illinois UCC article II implied warranties give a buyer of goods a potential cause of action only against the immediate seller of the goods. *Rothe v. Maloney Cadillac, Inc.*, 119 Ill.2d 288, 292, 518 N.E.2d 1028, 1029 (1988); *Szanja v. General Motors Corp.*, 115 Ill. 2d 294, 311, 503 N.E.2d 760, 767 (1986)(affirming the applicability of "the privity requirement in implied-warranty economic-loss cases."). Plaintiffs allege only economic losses. Thus, plaintiffs can only maintain a cause of action against the immediate seller of the vehicle. Though plaintiffs do not allege who sold the Dodge Caravan to the Wells, it could not have been Chrysler. Under the Illinois Franchise Act, 815 ILCS 710/1 *et seq.*, a manufacturer cannot sell a vehicle directly to the public; only a franchised dealer can. Thus, plaintiffs fail to state a claim under Illinois law.

Plaintiffs also fail to state a claim under the Magnusson-Moss Act, and for the same reason. Section 2310(d) of the Act allows for suits based on breach of implied warranties.

3

Section 2301(7) defines implied warranties as "an implied warranty arising under State law (as modified by section 2308 and 2304(a) of this title)." 15 U.S.C. § 2301(7). As explained above, the Illinois Supreme Court has squarely held that privity is required for an implied warranty in an economic loss case. Because plaintiffs cannot state a claim for breach of "an implied warranty arising under State law," they cannot state a claim under the Act. *See Voelker v. Porsche Cars North America, Inc.*, 353 F.3d 516, 525 (7th Cir. 2003)(holding that a valid claim for breach of implied warranty under the Act "must allege privity in accordance with applicable state law.").

## II. Breach of Express Warranty

Chrysler has moved to dismiss plaintiffs claim for breach of express warranty because the complaint fails to allege that plaintiffs notified Chrysler of the alleged breach. Section 2-607 of the UCC requires that "a buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of the breach or be barred from any remedy." 810 ILCS 5/2-607(3)(a). This notice requirement will only be excused if (1) the seller already has actual knowledge of the defect of the particular product, or (2) a consumer plaintiff suffers a personal injury, in which case the notice requirement could be satisfied by filing a lawsuit against the seller. *Connick v. Suzuki Motor Co. Ltd.*, 174 Ill. 2d 482, 492, 675 N.E. 2d 584, 589 (Ill. 1990). Here, plaintiffs may not rely on either exception. They do not allege that defendant has actual knowledge of the vehicle's defect nor do they allege any personal injury. Because plaintiffs fail to allege that they complied with the notice requirement under section 2-607 of the UCC, their claim for breach of express warranty is dismissed.

## CONCLUSION

For the reasons stated above, Chrysler's Motion to Dismiss Counts II and IV is granted (#8).

ENTER: *Joan H. Lefkow*

JOAN HUMPHREY LEFKOW
United States District Judge

Dated: March 9, 2004

5